MICHELE POWER
SEAN BROWN
POWER AND BROWN, LLC
P.O. BOX 1809
BETHEL, ALASKA 99559
Telephone: 907-543-4700
Facsimile: 888-887-1146

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| PAMELA TAI, individually, and on behalf of her minor child, C.T., | |
|---|---|
| Plaintiff, | Case No. _____ Civ ( _____ ) |
| vs. | |
| UNITED STATES OF AMERICA, | COMPLAINT FOR DAMAGES |
| Defendant. | |

For her complaint, plaintiff, by and through counsel Power and Brown, LLC, alleges as follows:

Parties and Jurisdiction

1. This action arises under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. Jurisdiction is based on 28 U.S.C. § 1346(a) (2) and 1346(b).

2. Plaintiff submitted a timely administrative claim based on the facts alleged herein

- 1 -

to the Department of Health & Human Services. More than six months has passed since the receipt of that claim, which has been neither admitted nor denied. The claim is deemed by plaintiff to be denied, pursuant to 26 U.S.C. § 2675.

3. At the time of the conduct that forms the basis for the allegations in plaintiff's Complaint, the St. Mary's Subregional Clinic through Yukon Kuskokwim Health Corporation ("YKHC") was carrying out a compact agreement with the Indian Health Service, and is deemed to be part of the Indian Health Service in the Department of Health and Human Services of the United States of America pursuant to Public Law 101-512, Title III, section 314.

### Common Factual Allegations

4. Plaintiff Pamela Tai is the mother of C.T.
5. On or about November 16, 2008, C.T. was treated by health care providers at the St. Mary's Subregional Clinic, operated by YKHC, for a nondisplaced fracture of his right tibial shaft.
6. In treating C.T.'s fracture, health care providers at the clinic placed a splint onto C.T.'s right leg in such a way as to cause C.T. to develop pressure sores or ulcers.
7. On or about November 16, 2008, after the close of business, Pamela Tai contacted the St. Mary's Subregional Clinic and reported that C.T. was experiencing an increase in his pain level. Health care providers advised Pamela Tai to do nothing more than administer pain medications to C.T.

8. On or about November 18, 2009, C.T. was treated at the Yukon-Kuskokwim Delta Regional Hospital where health care providers found that C.T. was suffering from two pressure ulcers on his right leg as a result of the placement of the splint on his right leg.

9. On or about November 18, 2009, C.T. was admitted to the Yukon-Kuskokwim Delta Regional Hospital for treatment of the pressure ulcers and remained hospitalized for approximately two days.

10. As a result of the pressure ulcers on C.T.'s right leg, he suffered permanent scarring to his right ankle.

11. Pamela Tai was present during the placement of the splint on C.T.'s leg and the pain and suffering he experienced thereafter. As a result, Pamela Tai suffered damages.

First Claim for Relief: Negligence

12. Plaintiff incorporates by reference all prior allegations herein.

13. The examination, care and control of the treatment of C.T. was performed by employees of the YKHC, through the Department of Health and Human Services, an agency of the United States of America. At all relevant times herein, said employees were acting within the scope of their employment.

14. In the aforesaid examination and control of the care and treatment of C.T., the defendant's employees negligently failed to possess that degree of knowledge and

- 3 -

skill ordinarily possessed and exercised at the time by other health care providers in the field or specialty in which they were practicing.

15. As a proximate result of the negligence of the employees and agents of the defendant, C.T. suffered pecuniary damages.

16. As a proximate result of negligence of the employees and agents of the defendant, C.T. suffered physical injury, emotional distress, pain and suffering, inconvenience, loss of enjoyment of life, in an amount to be proven at trial.

## Second Claim for Relief:  Loss of Society

17. Plaintiff incorporates by reference all prior allegations herein.

18. C.T. suffered severe injuries as a result of defendant's negligent failure to possess that degree of knowledge and skill ordinarily possessed and exercised at the time by other health care providers in the field or specially in which they were practicing.

19. As a result, Pamela Tai is unable to share activities and experiences with the child whom she previously shared or anticipated sharing as C.T. reached a suitable age.  Further, Pamela Tai has sustained both past and future loss of consortium in the parent-child relationship, including loss of enjoyment, society, companionship, comfort, care, love, and affection.

## PRAYER FOR RELIEF

WHEREFORE plaintiff demands judgment for compensatory damages in excess of $5,000,000, the precise amount to be proven at trial, plus allowable costs, interest, and attorneys' fees.

RESPECTFULLY SUBMITTED this 24th day of March, 2010, at Bethel, Alaska.

s/ Michele L. Power<br>
P.O. Box 1809<br>
Bethel, Alaska 99559<br>
Phone: (907) 543-4700<br>
Fax: (888) 887-1146<br>
E-mail: admin@powerbrown.com<br>
ABA No. 9510047